Filed 8/30/23  P. v. Orange CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. EUGENE ORANGE, Defendant and Appellant. | D081522 (Super. Ct. No. SCN165993) |

APPEAL from an order of the Superior Court of San Diego County, Runston G. Maino, Judge.  Affirmed.

Eugene Orange, in pro. per.; and Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2004, a jury convicted Eugene Orange[1] of first degree murder (Pen. Code,[2] § 187, subd. (a)) and found he personally used a deadly weapon (knife) in the commission of the offense (§ 12022, subd. (b)(1)).  The court found true

---

[1]    Appellant is also known as Eugene Kidd.

[2]    All further statutory references are to the Penal Code.

two serious felony prior convictions and two strike priors. The court sentenced Orange to an indeterminate term of 100 years to life, plus 11 years.

Orange appealed his conviction, and this court affirmed the judgment in an unpublished opinion. (*People v. Orange* (Apr. 21, 2006, D045936).)

In 2022, Orange filed a form petition for resentencing under section 1170.95 (now renumbered section 1172.6). The court appointed counsel for Orange, received briefing, reviewed the record of conviction, and held a hearing.

At the hearing to determine if Orange had stated a prima facie basis for resentencing, the court concluded Orange was the sole perpetrator of this offense. The record demonstrated the jury was not instructed on aiding and abetting, natural and probable consequences or felony murder. The court determined Orange was the actual killer and was therefore ineligible for relief under section 1172.6. The court denied the petition without issuing an order to show cause or holding an evidentiary hearing.

Orange filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal. Counsel asks the court to exercise its discretion to conduct an independent review of the record for error, similar to the process used in cases under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We notified Orange of his right to file his own brief on appeal. He has responded by filing his own brief on appeal. We will discuss the supplemental brief later in this opinion.

The facts of the underlying offense are discussed in our previous opinion. We will not repeat the discussion of the facts in the present opinion.

## DISCUSSION

As we have noted, appellate counsel has filed a *Delgadillo* brief and asks the court to independently review the record for error. We have reviewed the record in the same fashion as we would do in a *Wende* review. We have not discovered any potentially meritorious issues that might lead to reversal of the order currently under review. The record supports the trial court's finding that Orange was the actual killer who acted alone in a willful, premeditated murder with actual malice. Thus, nothing in this record would bring Orange into the range of persons who might be eligible for relief under section 1172.6.

We turn next to Orange's supplemental brief. That submission does not even address the order in this case. The focus of the supplemental brief is the original trial. Orange contends the court abused its discretion in a number of evidentiary rulings. He complains certain evidence was the product of an unlawful search and seizure. None of those potential issues is relevant to this appeal. The original judgment has been subject to direct appeal and is now a final judgment. This is not an appeal from such judgment.

As we have stated, our review of the record of this appeal has not identified any potentially meritorious issues for reversal on appeal. Orange has been represented by competent counsel on this appeal.

DISPOSITION

The order denying Orange's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

CASTILLO, J.

4